UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09 C 2064 |
| | ) | |
| ARCHIE STALLWORTH, Star No. 351, | ) | |
| DETECTIVE SNEED, Star No. 925, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants Archie Stallworth and Detective Sneed ("Defendants") to dismiss Counts III and IV of Plaintiff Derrick Gray ("Gray")'s complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

According to the allegations contained in the complaint, the Defendants arrested Gray on two separate occasions based on false criminal charges. On June 17, 2007, it appears that the Defendants obtained a warrant based on evidence he claims was fabricated in the form of an incriminating video tape, witnesses, and contraband to support their authority to search his residence. After Gray was arrested and detained,

he was released. On July 12, under a similar set of circumstances, Gray was arrested, detained, and served four months in jail before being released.

Gray filed the instant four-count complaint pursuant to 42 U.S.C. § 1983. In Count I, he alleges that his Fourth Amendment rights were abridged by the Defendants' actions on June 17. Count II alleges unlawful seizure for the July 12 arrest. Count III asserts a violation of his due process rights and Count IV avers that the Defendants engaged in a conspiracy to violate Gray's constitutional rights.

The Defendants responded by moving to dismiss Counts III and IV on the basis that Count III fails to state a cognizable due process violation and that Count IV is duplicative and unnecessary.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in

sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we turn to the instant motion.

**DISCUSSION**

**I. Due Process Claim**

In Count III, Gray alleges that the Defendants violated his due process rights in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) when they represented an incriminating video exists, an informant exists, and offered other allegedly false evidence against him. It appears that this evidence was used to substantiate the Defendants warrant to arrest Gray and detain him. The complaint includes allegations sounding in both substantive and procedural due process violations.

Defendants first argue that Gray cannot maintain a substantive due process violation because, at the core, it is a state law malicious prosecution claim cloaked as a substantive due process claim. They rely upon the proposition that a constitutional claim for malicious prosecution cannot be sustained when a state law offers the same remedy. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). Their next assertion is that Gray's procedural due process claim fails because falsified reports and testimony of police officers do not constitute *Brady* violations for § 1983 claims. We address each argument in turn.

With regard to Gray's substantive due process claim, he argues that while a constitutional violation for malicious prosecution is judged under the Fourth Amendment for § 1983 actions, a due process claim is judged under the Fourteenth Amendment. The Defendants assert that the claim should be dismissed because there is no constitutional action when there exists a state law remedy for malicious prosecution. *Id.* There is some dispute between the parties over whether Gray has pled a malicious prosecution claim. However, a substantive due process claim may not be maintained when a specific constitutional provision (in this case the Fourth Amendment) protects the rights allegedly violated. *U.S. v. Lanier*, 520 U.S. 259, 272, 117 S. Ct. 1219, 1228 (1997). In Count I and II, Gray asserts that the Defendants violated his Fourth Amendment right to be free from unreasonable search and seizure.

In his response to Defendants' motion, Gray argues that he seeks redress for the loss of his liberty interests occurring after the probable cause hearing—four months of incarceration. He contends that the deprivation of his liberty after the hearing inspires a due process action under the Fourteenth Amendment. Despite Gray's contention, the Fourth Amendment provides a remedy and that count is not being challenged by the Defendants. Since Gray's claim is appropriately addressed under the Fourth Amendment, a substantive due process claim as pled in Count III would be a duplicative remedy. As such, we find that there is no substantive due process claim.

Next, Gray contends that he has properly pled a procedural due process claim on the basis that the nondisclosure of potentially exculpatory information to a criminal defendant before he or she pleads guilty or goes to trial can qualify as a procedural due process violation. He argues that under *Brady*, the false evidence used against him deprived him of procedural due process. The Seventh Circuit recently rejected this same argument citing that the problem was not that useful evidence was being concealed but that the detectives were giving false evidence. *See Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003). Gray argues that the Defendants fabricated evidence by falsely representing that an incriminating video exists, falsely representing that a confidential informant exists and coercing a person to give false evidence against Gray, perjuring themselves, and falsifying reports. This type of alleged misconduct is

precisely what the Seventh Circuit has rejected as a cognizable due process claim. As such, Count III does not state a cause of action under either substantive or procedural due process.

## II. Conspiracy

The Defendants move to dismiss Count IV of Gray's complaint because they perceive it to be duplicative of Count III. In Count IV, Gray alleges that the Defendants formed an agreement to falsify evidence and fabricate criminal charges against him to arrest him. To establish a conspiracy claim under § 1983, a plaintiff must plead the following: (1) an express or implied agreement among defendants to deprive the plaintiff of his or her constitutional rights; and (2) actual deprivations of those rights by an overt act in furtherance of the conspiracy. *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Gray asserts that the conspiracy claim accounts for both the false arrest and the deprivation of his due process rights. For false arrest, Gray pleads that the Defendants engaged in a joint action and agreement to falsely arrest him on both June 17 and July 12 and committed the overt act of arresting him on both dates. This is properly pled. However, the conspiracy to deprive Gray of his due process rights fails because § 1983 does not punish conspiracy without an underlying violation of a civil right. *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982). Since we have

determined that Gray does not have a viable due process claim, then there cannot be an attendant conspiracy claim.

## CONCLUSION

Based on the aforementioned, the motion to dismiss Count III is granted for its failure to state a claim. The motion to dismiss Count IV is granted with respect to the conspiracy to violate Gray's due process rights but is denied as to the conspiracy to falsely arrest him.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated:   August 20, 2009