# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2064 | **DATE** | August 5, 2010 |
| **CASE TITLE** | Gray vs. Stallworth et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [62]) to file First Amended Complaint is granted.

■[ For further details see text below.]   Docketing to mail notices.

## ORDER

This case comes before the court on the motion of Plaintiff Derrick Gray to amend his complaint. For the reasons stated below, Gray's motion is granted.

Gray filed his initial complaint against Defendant City of Harvey Police Officer Archie Stallworth and City of Harvey Police Detective Sneed ("Defendants") on April 3, 2009. In an opinion issued on August 20, 2009, we dismissed Gray's claim for damages under 42 U.S.C. § 1983 stemming from Defendants' alleged violation of his due process rights under the Fourteenth Amendment. In holding that Gray had failed to state a claim for violation of his procedural due process rights under § 1983, we noted that Defendants' alleged fabrication of evidence did not implicate Gray's due process right to a fair trial. *See Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003), *overruled in part by Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006). Gray now seeks leave to amend his complaint to add another claim against Defendants under § 1983 for violation of Gray's right to due process.

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely granted when justice so requires. Whether to grant a motion to amend is within the sound discretion of the district court. *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir. 1987). Leave to amend may be denied for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of amendment, or futility of amendment. *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993).

Defendants contend that we should deny leave to amend because the proposed amendment would be futile. Specifically, Defendants contend that the new cause of action suffers from the same deficiencies as the claim we previously dismissed for failure to state a claim. Though the previous formulation of Gray's claim referred to Defendants' alleged fabrication of evidence in describing the due process violation, his new claim

| ORDER |
|---|

alleges that Defendants violated his right to a fair and impartial trial by withholding exculpatory evidence and information. Such allegations, if proved at trial, would establish a violation of Gray's due process rights that would be compensable under § 1983. *See Ienco v. City of Chicago*, 286 F.3d 994, 999 (7th Cir. 2002). Because Defendants have not demonstrated the futility of Gray's amendment, we grant his motion to amend.

Dated: August 5, 2010

CHARLES P. KOCORAS
U.S. District Court Judge